UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| CRISTIAN FERNANDEZ REVOLORIO GARCIA,<br>    Petitioner,<br><br>v.<br><br>DAVID WESLING, et. al.,<br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 26-000080-MSM-AEM<br>)<br>)<br>)<br>) |

ORDER

Mary S. McElroy, United States District Judge.

Before the Court is Cristian Fernandez Revolorio Garcia's petition for habeas corpus under 28 U.S.C. § 2241 (ECF No. 1.) In response to Mr. Revolorio Garcia's Habeas Petition, the Respondents urged this Court to delay ruling on the Petition because the Immigration Court had already scheduled a bond hearing for February 24, 2026 (ECF No. 5.) On March 10, 2026, the Petitioner filed a status report with this Court and, along with it, a copy of the Order of the Immigration Judge from the same date. The Chelmsford Immigration Court Judge did not actually hold a bond hearing. Instead, she relied on the now familiar claim that she did not have jurisdiction to hold a bond hearing. (ECF No. 7-1.)

This case presents the same legal issues considered in *Tomas Elias v. Hyde*, 25-cv-540-JJM-AEM, and countless other cases handled in this court in recent weeks. Recent district court opinions in this district and in other districts within the First Circuit have consistently rejected Respondents' argument that § 1225(b)'s mandatory

detention provision applies to noncitizens, like Mr. Revolorio Garcia, who have resided continuously in the United States for more than two years. *Moraes v. Joyce*, No. 2:25-CV-00583-JAW, 2025 WL 3459583, at *4 (D. Me. Dec. 2, 2025) (collecting cases).

The Court reaches the same result here. Accordingly, the Court GRANTS the Petitioner's habeas petition (ECF No. 1.) The Government is ORDERED to provide Mr. Revolorio Garcia with a bond hearing before an Immigration Judgment pursuant to 8 U.S.C. § 1226(a) no sooner than 14 days from the date of this order. Mr. Revolorio Garcia and his attorney are to be provided with adequate written notice of the date and time of that hearing. Further, the Court ORDERS the Respondents to release the Petitioner immediately pending the bond hearing. The Court permits the Petitioner's transfer to effectuate his release and the return of his property. The Respondents shall set minimal release conditions that will reasonably assure the Petitioner's appearance at the bond hearing. Finally, the Court ORDERS the Government to file a status report within five days of the Petitioner's bond hearing.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

March 13, 2026